IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
DEXTER SAFFOLD,                    )
                                   )
              Plaintiff,           )
                                   )
     v.                            )     No.  06 C 5236
                                   )
MESELJEVIC MANAGEMENT GROUP,       )
et al.,                            )
                                   )
              Defendants.          )
```

MEMORANDUM ORDER

Although this District Court's conversion to an electronic filing system has a number of virtues, those have been attained at some cost, one of the most prevalent (as well as irritating) of which has been the failure of too many lawyers promptly to deliver the necessary hard copies of all electronic filings to the chambers of the judge to whom a case is assigned. Those violations of this District Court's LR 5.2(e) frequently cause a District Judge conducting a motion call to be confronted with the presentment of a proposed motion that the judge has never seen or heard of. Indeed, that type of violation continues to occur with such frequency as to have led this Court to add this provision to a prominent spot at the beginning of its website:

> Unfortunately, experience with the electronic filing system has been that a distressingly large percentage of counsel who file documents electronically do not comply with the LR 5.2(e) requirement that a paper copy be delivered to chambers within one business day (let alone this Court's special requirement that such delivery take place on the same business day as the filing). That noncompliance is often particularly troublesome, as for example when an order has been

entered (1) requiring a filing and (2) setting a status or other hearing within a day or two thereafter. <u>All counsel are therefore notified that any noncompliance with LR 5.2(e) will result in the imposition of a fine whenever circumstances make such a sanction appropriate</u>.

This Court's most recent printout listing pending motions, which it orders frequently to make certain nothing falls between the cracks, reveals several cases (including this one) in which this Court's first awareness of the existence of a motion or motions has come through the printout itself--no copy of the motion has been delivered to chambers as required.  Because defendant's counsel in this case is among the offenders, this Court hereby orders counsel to deliver to its chambers, within three working days after the issuance of this memorandum order:

    1.  a hard copy of Dkt. #31;

    2.  a check for $200 payable to "Clerk of the United States District Court";[1] and

    3.  a statement that the cost of such modest fine, attributable as it is to counsel's noncompliance, shall not be shifted to the client.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date:  March 15, 2007

---

[1] If the hourly rate normally charged for the services of the lawyer who failed to arrange for the required delivery of the hard copy is less than $200, that shall be set out in the statement next referred to in the text and the $200 shall be reduced to one hour's time charge for that lawyer.